# NNEBE & ASSOCIATES, P.C.

Okechukwu Valentine Nnebe, Esq.
Ernest Uchenna Nnebe, Esq.

Attorneys at Law

December 9, 2010

**By ECF and Regular Mail.**

Hon. Raymond J. Dearie
United States District Judge
Eastern District of New York
255 Cadman Plaza East
Brooklyn, NY 11201

   **Re:**   Jawanza Lewis v. City of New York; 10-cv-3266

Dear Judge Dearie:

I represent the plaintiff in the above action and submit this letter in response to defendants' pre-motion letter dated December 3, 2010 seeking leave to move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  The sole ground upon which defendants sought to move for judgment on the pleading is premised on a stipulation of settlement that plaintiff executed in a prior action he filed against the City of New York and other individual defendants, none of whom are party herein, in 08-civ-2435 (ENV) (CLP) (hereinafter referred "Lewis I"). While conceding that the releases in stipulation of settlement in Lewis I are limited to "claims or rights of action that have or could have been alleged by plaintiff in this [that] action", defendants however contend that this present action is precluded by the stipulation of settlement in Lewis I.

### Brief Factual Statement:

Plaintiff commenced Lewis I on or about June 18, 2008 against the City of New York and other individual police officers, none of whom are defendants herein.  The factual basis of Lewis I is that on or about 2/14/08, plaintiff was shot in front of his house and was rushed to hospital by his family. The police officers came to the hospital and took away his clothing and other personal belongings.  After his release from hospital plaintiff went to the 67th Precinct on 4/7/08 to retrieve his clothes and other personal effects, wherein he was arrested, photographed and was transported to Rikers Island.  Plaintiff was subsequently charged with various criminal offenses including possession of firearm. Plaintiff was released from custody on 4/11/08, and on 5/21/08 he was informed that the charges against him have been dismissed "off calendar".

At about 2:00 p.m. of 4/21/09 and 4/29/09 and while Lewis I was pending, plaintiff was stopped about a block from his residence by the individual defendants herein [Police Officers Green and Merizalde, both of whom are not party to Lewis I]. The officers asked plaintiff if he has any criminal record, to which plaintiff answered that he has none. The officers then examined a stack of photograph in their possession, took out the photograph of plaintiff taken when he was

472 Union Avenue, Suite 1000 ▪ Williamsburg, New York 11211 ▪ Phone: 718.937.8000 ▪ Fax: 718.937.8001▪
Website: http://www.nnebelawyers.com ▪ E-mail: valon@nnebelawyers.com, nnebe@hotmail.com

Hon. Raymond J. Dearie
December 9, 2010.
Page 2 of 3
_____

arrested on 4/7/08, waived the picture to plaintiff, stated that plaintiff has lied and proceeded to unlawfully search and detain the plaintiff in the presence of his family, neighbors, friends, and acquaintances.

On or about 10/28/09 plaintiff filed a motion in Lewis I for leave to file a supplemental summons and supplemental complaint to add police officers Green and Merizalde to Lewis I, and to assert a claims arising out of the 4/21/09 and 4/29/09 occurrences against officers Green and Merizalde only. Defendants in Lewis I opposed the motion to add the additional defendants or cause of action to Lewis I. In particulars, the defendants argued that the proposed "supplemental complaint is not adequately related to the claims and incidents that underlie" Lewis I in that it "involves different defendants, different incidents and legal claims, would require extensive additional discoveries, and would unduly complicate the action" and "unfairly prejudice' the defendants in Lewis I. The opposition of the Defendants in Lewis I concluded as follows:

> "Because the supplemental complaint contains claims that are
> so far removed from the original complaint, ***the supplemental
> complaint should be filed as a separate action***." [Emphasis added].

While the plaintiff's motion to file a supplemental summons and supplemental complaint was pending, parties settled Lewis I. The motion to amend Lewis I was never heard nor granted by the Court[1] and neither police officers Green and Merizalde nor the claims arising out of the 4/21/09 and 4/29/09 occurrences were added to Lewis I, either by the Court's order or by the stipulation of settlement.

The discussions on settlement of Lewis I did not include or contemplate the settlement of claims against police officers Green and Merizalde arising out of the 4/21/09 and 4/29/09 occurrences. It was also the understanding between counsel in Lewis I that plaintiff should continue this claim as a separate action if he so chooses, as contained in defendants opposition. Plaintiff had previously filed a Notice of Claim [under this action] with the office of the Corporation Counsel on or about July 20, 2009. That the settlement in Lewis I did not contemplate or include the claims arising out of the occurrences of 4/21/09 and 4/29/09 is clearly buttressed by the fact that the City of New York continued proceeding thereon after the settlement of Lewis I. In fact, while the Stipulation and Order of Settlement and Discontinuance of Lewis I was filed in Court on 2/10/10, the City of New York conducted plaintiff's hearing pursuant to Section 50-h of the General Municipal Law on March 29, 2010.

Finally, defendants *res judicata* argument fails as a matter of law because Lewis I and this action does not involve the same parties and the claims asserted in this action were neither raised nor

---

[1] Defendants argument that merely attaching a proposed amendment to a motion to amend that was never granted constitutes an "assertion" of the proposed claim within the underlying action, is clearly erroneous, and at best specious.

472 Union Avenue, Suite 1000 ▪ Williamsburg, New York 11211 ▪ Phone: 718.937.8000 ▪ Fax: 718.937.8001▪
Website: http://www.nnebelawyers.com ▪ E-mail: valon@nnebelawyers.com, nnebe@hotmail.com ▪

Hon. Raymond J. Dearie
December 9, 2010.
Page 3 of 3
_____

could it have been raised in Lewis I. An earlier judgment will preclude a second action only when it involves the same transaction or connected series of transactions as the earlier action. This is not the case here, and defendants argued so in their opposition to plaintiff's motion to amend the complaint in Lewis I.

Defendants reliance on *Harry v. City of New York*, CV 07-4759 (SJF)(LB) is misplaced. In contrast herein, *Harry* is not a motion to amend a complaint; rather it is a complete and valid amendment that included an October 2005 arrest, but which was subsequently and validly amended to remove that arrest. Thus, *Harry* only held that a party who filed an amended complaint that omits a claim in the original complaint intends to abandon the omitted claim. Further, *Harry* held that the plaintiff's inclusion of the October 2005 arrest in his amended complaint [even if removed in his subsequent amendment] demonstrates that his arrest claim was sufficiently related to the claims asserted in the first proceedings. Harry should limited to its holding.

Defendant has neither cited any law nor propounded any rational argument that a proposed amendment to a complaint constitutes a valid amendment, even in the absence of opposition. The best stretch of benefit to defendants' pre-motion argument is that the parties may have relied on, and intended to include, the proposed amendment in settlement of Lewis I. However, this argument – which is not even made by defendants, is belied by the fact that the settlement made no mention of the proposed amendment and that the City continued its defense of the occurrences of 4/21/09 and 4/29/09 against police officers Green and Merizalde by conducting plaintiff's Section 50-h hearing on March 29, 2010, well after the settlement. Defendants are precluded to assert otherwise.

It is respectfully submitted that defendants has no good faith basis upon which their motion to dismiss will be premised.

Respectfully submitted,

**NNEBE & ASSOCIATES, P.C.**

/s/ O. Valentine Nnebe
O. Valentine Nnebe, Esq.

Cc: Matthew Weir (by ECF).